**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FELICIA FOSTER,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**U.S. BANK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR-IN-INTEREST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS INDENTURE TRUSTEE, FOR THE HOLDERS OF THE CIM TRUST 2021-R3, MORTGAGE-BACK NOTES, SERIES, ET AL.,**<br>**DEFENDANTS.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 3:25-CV-1974-L-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court is Defendants U.S. Bank Trust Company, N.A.'s and Select Portfolio Servicing, Inc.'s *Motion to Dismiss*. Doc. 4. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

This civil action was filed by Plaintiff Felicia Foster against U.S. Bank Trust Company, N.A. as successor-in-interest to the original lender ("U.S. Bank"), Select Portfolio Servicing, Inc., and Shelley Ortolani, Michele Hreha, Mary Mancuso, Francesca Ortolani, Carol Dunmon, and Payton Hreha in their capacity as trustees of the foreclosure (collectively, "Defendants"). This case specifically arises out of U.S. Bank's attempt to foreclose on residential real property located at 729 Wedgewood Drive, Desoto, Texas 75115 ("the Property"). Doc. 1-2 at 5-6.

Foster sued Defendants in Texas state court alleging claims for equitable right of redemption and defective notice of foreclosure under Texas Property Code §§ 51.002, 51.0075(e), 51.0076(b), seeking a temporary restraining order ("TRO") preventing foreclosure of the Property. Doc. 1-2 at 6-10. The next day, less than 30 minutes before the scheduled foreclosure sale, the state court entered an *ex parte* TRO enjoining U.S. Bank from proceeding with the nonjudicial foreclosure sale. Doc. 1-3 at 2-6.[1] Nevertheless, the foreclosure occurred as scheduled and the Property was purchased by Mecca FA Investments, LLC. *See* Doc. 4-1. Defendants subsequently removed the case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

U.S. Bank now moves to dismiss Foster's claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 4. Foster has failed to respond and her deadline to do so has long passed. *See* N.D. TEX. L. CIV. R. 7.1(e) (providing that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this

[1] It is not clear from the record if Defendants received notice of the TRO in time to have stopped the foreclosure sale. In any event, that issue is not germane to the determination of the instant motion.

standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When determining a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court, however, is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79. Also, the Court may only consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Because Defendants removed this case to federal court based on diversity jurisdiction, *see* Doc. 1, Texas substantive law applies. *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law") (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

## III. Analysis

### A. Foster Has Failed to State a Claim for an Equitable Right of Redemption.

U.S. Bank argues that Foster's claim for an equitable right of redemption fails. Doc. 4 at 3. The equity of redemption doctrine "afford[s] a mortgagor a reasonable time to cure a default and require[s] reconveyance of the mortgaged property." *Scott v. Dorothy B. Schneider Est. Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990, no writ) (citing *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 579 (1935)). One seeking to exercise this right of redemption "must sue for that purpose and plead such equities that would authorize recovery." *Id.* (citation omitted).

To enforce an equitable right of redemption with respect to a property that is subject to a mortgage, the plaintiff must: (1) prove that the plaintiff has an equitable or legal interest in the property; (2) prove that the plaintiff is ready, willing, and able to redeem the property by paying off the amount of valid and subsisting liens to which the property is subject; and (3) assert the claim "before a foreclosure sale occurs because the equity of redemption terminates once a foreclosure sale occurs." *Scott*, 783 S.W.2d at 28; *see also Houston v. Shear*, 210 S.W. 976, 981-83 (Tex. Civ. App. 1919, writ dism'd); *Kingman Holdings, LLC v. Ocwen Loan Serv., LLC*, No. 3:17-cv-41, 2018 WL 3448556, at *3 (N.D. Tex. June 28, 2018) (Rutherford, J.), *adopted by* 2018 WL 3439681 (N.D. Tex. July 17, 2018). The party seeking to exercise the right of redemption must also be willing to pay the expenses that the mortgagee has expended in association with the default. *Scott*, 783 S.W.2d at 28 (citing *Houston*, 210 S.W. at 981).

As to the second element, "a party seeking to exercise the equitable right of redemption provided by Texas law must establish that the party is ready *and* willing *and* able to pay off the

amount of valid and existing liens on the property at issue.[2] Otherwise, that party's entitlement to exercise the equitable right of redemption remains unsubstantiated." *Kafi, Inc. v. Wells Fargo Bank, N.A.,* 131 F.4th 271, 284 (5th Cir. 2025) (emphases in original).

Here, Foster merely states in her original state court petition that "Plaintiffs are ready, able, *or* willing to redeem the property in controversy by paying off the amount of any valid and subsisting liens to which the property is subject, and/or to fully redeem or reinstate the loan." Doc. 1-2 at 8 (emphasis added). However, the Court of Appeals for the Fifth Circuit recently held that near verbatim language fails to satisfy the second element of equitable right of redemption in Texas. *Kafi, Inc.,* 131 F.4th at 284. In that case, Kafi Inc., the property owner attempting to assert its equitable right of redemption, submitted a declaration that it was " ready, able, *or* willing to redeem the Property in controversy by paying off the amount of any valid and subsisting liens to which the Property is subject." *Id.* at 283 (emphasis in original). As the appellate court explained:

> the declaration confirms only that Kafi is ready *or* able *or* willing to pay to redeem the Property. Yet common sense dictates that, in the context of an equitable redemption claim, these three requirements are conjunctive. That is, all three requirements must be satisfied, i.e., Kafi must be ready *and* willing *and* able to pay to redeem the Property.

*Id.* (emphases in original).

As in *Kafi*, Foster states only that she is "ready, able, or willing" to redeem the Property. Because the requirements that a plaintiff be ready, willing, and able to redeem are conjunctive,

---

[2] U.S. Bank first argues that Foster's equitable right of redemption claim fails because the Property has already been sold and thus the right has been terminated. Doc. 4 at 3-4. Because Foster has not pleaded the second element of a Texas equitable right of redemption claim, the Court does not reach that issue.

Foster's disjunctive assertion is insufficient to plausibly allege the second element of an equitable right of redemption claim.

Moreover, merely stating a willingness to satisfy the lien is insufficient to state a claim for equitable redemption. *DBDFW 3, LLC v. JPMorgan Chase Bank, N.A.*, No. 3:18-cv-3148, 2019 WL 823810, at *8 (N.D. Tex. Feb. 6, 2019) (Horan, J.); *see also 330 Cedron Tr. v. CitiMortgage*, No. 14-933, 2015 WL 1566058, at *3 (W.D. Tex. Apr. 8, 2015) (Rodriguez, J.) (A statement that a plaintiff is ready, willing, and able to pay "merely recites an element of the cause of action" and "is not enough to raise the right to relief above a purely speculative level."). "The plaintiff must provide additional details such as the value of the lien, how it would pay, its own net worth or assets, or any other information from which the court could infer that plaintiff's right to relief is plausible." *Id.* (citation omitted).

Again, Foster alleges only that "Plaintiffs are ready, able, *or* willing to redeem the property in controversy by paying off the amount of any valid and subsisting liens to which the property is subject, and/or to fully redeem or reinstate the loan," Doc. 1-2 at 8, which for reasons stated *supra*, is insufficient to state a claim for equitable right of redemption.

**B. Foster Has Failed to State a Claim under the Texas Property Code.**

Foster also alleges that foreclosure is defective and invalid under "Texas Property Code §51.002, §51.0075(e), and §51.0076(b), as the Notice of Substitute Trustee Sale fails to include the required physical or mailing address of the appointed substitute trustee(s)." Doc. 1-2 at 8. As relevant here, the Texas Property Code provides that "[t]he name and a street address for a trustee or substitute trustees shall be disclosed on the notice required by Section 51.002(b)." TEX. PROP. CODE § 51.0075(e). However, Defendants correctly assert that the Texas Property Code does not provide a private cause of action for a violation of Section 51.002. *Solis v. U.S.*

*Bank, N.A.*, No. CV H-16-661, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017), aff'd, 726 F. App'x 221 (5th Cir. 2018).

Generally, a claim brought for a violation of TEX. PROP. CODE § 51.002 is construed as a claim for wrongful foreclosure.[3] *See Easterling*, 2023 WL 2993406, at *7 ("In Texas, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property."). Such construction is not appropriate here, since at the time of filing, no sale had occurred. So, Foster could not have alleged facts to support a wrongful foreclosure claim that had not accrued at the time of filing of this lawsuit.[4] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings, (2) a grossly

---

[3] Because § 51.002 does not provide for a private right of action, courts have construed § 51.002 violation claims as claims for wrongful foreclosure. *See, e.g., Easterling v. U.S. Bank, N.A.*, No. 3:22-cv-1916, 2023 WL 2993406, at *7 (N.D. Tex. Mar. 31, 2023) (Ramirez, J.), *adopted by* 2023 WL 3000622 (N.D. Tex. Apr. 18, 2023); *Solis,* 2017 WL 4479957, at *2. *See also Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Absent a sale, Plaintiff cannot state a claim under [§ 51.002] of the Property Code.").

[4] In any event, Plaintiff would not be barred by limitations from bringing a separate suit for wrongful foreclosure based on the subsequent foreclosure sale, should she choose to do so. "A suit for wrongful foreclosure to recover real property is governed by a four-year statute of limitations, and 'the limitations period begins to run from the date of foreclosure.'" *Moreno v. Tidwell*, No. 04-24-387-CV, --- S.W.3d ----, 2026 WL 516451, at *14 (Tex. App.—San Antonio Feb. 25, 2026, no pet.) (quoting *Mitchell v. Armstrong Cap. Corp.*, No. 14-94-896-CV, 1996 WL 354744 at *4 (Tex. App.—Houston [14th Dist.] June 27, 1996, no writ)). *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a) ("A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.").

inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price).

**C. Foster's Request for Injunctive Relief Also Fails.**

U.S. Bank also moves to dismiss Foster's request for injunctive relief. Doc. 4 at 6. Foster sought a TRO preventing foreclosure of the Property. Doc. 1-2 at 8-10. Under Texas law, a request for injunctive relief is not a standalone claim, and "instead necessarily depends on an underlying cause of action." *Carr v. PHH Mortg. Corp.*, No. 3:25-cv-1840, 2026 WL 913129, at *5 (N.D. Tex. Apr. 2, 2026) (Brown, J.) (citation omitted); *see also Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective."). Since for all the reasons set out *supra*, Foster has failed to plausibly allege a viable substantive claim, her request for injunctive relief also fails and should be dismissed.

## IV. Leave to Amend

When a court dismisses a *pro se* plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). In this instance, however, Plaintiff has not sought leave to amend in response to the deficiencies identified in Defendants' motion. Indeed, as stated previously herein, Plaintiff appears to have wholly abandoned this action by failing to appear in any way since its removal to federal court—including failing to defend against the motion *sub judice*. Further, for the reasons detailed *supra*, each of Plaintiff's claims is fatally flawed and, thus, not curable by amendment. Under these circumstances, the

Court concludes that granting leave to amend *sua sponte* would only cause unnecessary delay.[5]

## V. CONCLUSION

For the foregoing reasons, Defendants U.S. Bank Trust Company, N.A.'s and Select Portfolio Servicing, Inc.'s *Motion to Dismiss*, Doc. 4, should be **GRANTED**. Plaintiff's claims against all Defendants should be **DISMISSED WITH PREJUDICE** and, as no claims will remain, this case should be closed.[6]

**SO RECOMMENDED** on August 14, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] Notwithstanding the Court's finding, the 14-day objection period attendant to this Report and Recommendation will permit Plaintiff to request leave to amend her complaint to cure the deficiencies outlined herein, if possible. *See* N.D. TEX. L. CIV. R. 15.1 (requiring that a party seeking leave to amend must attach a copy of the proposed amended pleading to the motion to amend).

[6] Because Foster asserts all claims against all Defendants, the pleading deficiencies identify here also apply to the claims asserted against the unserved Defendants which should likewise be dismissed. *See Jones v. City of Dallas, Tex*., No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) ("Normally, a district court can only dismiss a claim sua sponte after giving the adverse party notice and an opportunity to respond. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). A magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).").

Alternatively, dismissal of all claims against the unserved Defendants is warranted under FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).