IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FELICIA FOSTER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-1974-L-BK** |
| | § | |
| **U.S. BANK TRUST COMPANY, N.A.; SELECT PORTFOLIO SERVICING, INC.; SHELLY ORTOLANI; MICHELE HREHA; MARY MANCUSO; FRANCESCA ORTOLANI; CAROL DUNMON; and PAYTON HREHA,** | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

On August 14, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was filed, recommending that the court **grant** Defendant U.S. Bank Trust Company, N.A., and Select Portfolio Servicing's ("Moving Defendants") Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 4). Plaintiff Felicia Foster ("Plaintiff") did not file a response to Moving Defendants' Motion, no objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Renee Toliver determined that Plaintiff has failed to state a claim for an equitable right of redemption. Equitable redemption gives "a mortgagor a reasonable time to cure a default and require[s] reconveyance of the mortgaged property." *Kafi, Inc. v. Wells Fargo Bank, N.A. as Tr. for ABFC 2006-OPT3 Tr., Asset Backed Funding Corp. Asset-Backed Certificates, Series 2006-OPT3*, 131 F.4th 271, 279 (5th Cir. 2025) (quoting *Scott v. Dorothy B. Schneider Est. Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin, 1990, no pet.) (*citing Louisville Joint Stock Land*

*Bank v. Radford,* 295 U.S. 555, 579 (1935))). To adequately state a claim enforcing the right of equitable redemption with regard to a property, Plaintiff must state sufficient allegations that taken as true would show: (1) that she has an equitable or legal interest in the property; (2) that she is ready, willing, and able to redeem the property by paying off the amount of valid and subsisting liens that the property is subject to; and (3) the claim was asserted before the foreclosure case occurred. *Id.*

Magistrate Judge Toliver determined that Plaintiff has failed to state a claim because she has not asserted that she is ready, willing, and able to pay off the valid existing liens. Doc. No. 6 at 5. This is because Plaintiff states that she is "ready, willing, or able" to pay off the valid existing liens. Doc. No. 1-2 ¶ 22. The Fifth Circuit has held that this disjunctive language is insufficient to satisfy the equitable right of redemption. *Kafi, Inc.,* 131 F.4th at 284. Thus, Plaintiff has failed to state a claim for equitable redemption.

Magistrate Judge Toliver determined that Plaintiff has failed to state a claim under the Texas Property Code. Plaintiff alleges that the notice provided was defective under Texas Property Code. Doc. No. 1-2 ¶ 31. Texas Property Code § 51.002 provides notice requirements, however, there is no private right to recovery under § 51.002, and these claims are generally construed as wrongful foreclosure claims. *See Solis v. U.S. 6 Bank, N.A.*, No. CV H-16-661, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017), *aff'd,* 726 F. App'x 221 (5th Cir. 2018). To adequately assert a wrongful foreclosure claim, Plaintiff must set forth sufficient allegations that taken as true would show: (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Since the foreclosure had not occurred at the time Plaintiff filed this lawsuit, she could not allege a defect in the proceedings.

Magistrate Judge Toliver determined that Plaintiff has failed to state a claim for injunctive relief. Plaintiff sought a Temporary Restraining Order preventing the foreclosure of the property. Doc. No. 1-2 ¶¶ 34-40. A request for injunctive relief is not standalone, and absent an underlying cause of action, a request for injunctive relief is facially defective. *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, n. 15 (5th Cir. 2012) (citing *Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 204 (Tex. 2002). Since Plaintiff's underlying claims fail, her request for injunctive relief does as well.

The court **agrees** with the magistrate judge's Report regarding Moving Defendants' Motion to Dismiss with prejudice because allowing Plaintiff to amend would cause unnecessary delay and would be futile because as discussed her allegations do not sufficiently state a claim for which relief may be granted. The court, however, **disagrees** that it should dismiss this action with prejudice against Defendants Shelley Ortolani, Michele Hreha, Mary Mancuso, Francesca Ortolani, Carol Dunmon, and Payton Hreha ("the Unserved Defendants") pursuant to Federal Rule of Civil Procedure 4(m). The cases relied upon by the magistrate judge—*Jones v. City of Dallas, Texas*, No. 24-10803, 2025 WL 2491127 at *6 (5th Cir. Aug. 29, 2025) (per curium) and *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)—discuss the situation in which a court *sua sponte* raises an issue. Rule 4(m) is specific as to what a court must do before it can dismiss an action against an unserved defendant, and it does not pertain to whether a court raises an issue *sua sponte*. Rule 4(m) requires a court to give notice to a plaintiff before it may dismiss an action against a plaintiff **without prejudice** for failure to serve a defendant within 90 days. Thus, the court **rejects** the Report to the extent that the magistrate judge recommends dismissal with prejudice as to the Unserved Defendants.

After considering the pleadings, file, record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, as to Moving

Defendants and **accepts** them as those of the court. Accordingly, the court **grants** Moving Defendants' Motion (Doc. No. 4), and Plaintiff's claims are **dismissed with prejudice as to them.**

For the reasons previously stated, the court **rejects** that portion of the Report that the Unserved Defendants be dismissed with prejudice from this action. To comply with Rule 4(m), the court **directs** Plaintiff to effect service on the Unserved Defendants by **September 25, 2026**. If Plaintiff does not comply with this order by **September 25, 2026**, or show good cause why she has not complied, the court will **dismiss** her claims against the Unserved Defendants without prejudice.

**It is so ordered** this 4th day of September, 2026.

Sam A. Lindsay
United States District Judge